Summer H. Murshid, Wis. Bar. No. 1075404
(*pro hac vice admission pending*)
Larry A. Johnson, Wis. Bar. No. 1056619
(*pro hac vice admission pending*)
Timothy P. Maynard, Wis. Bar No. 1080953
(*pro hac vice admission pending*)
Hawks Quindel, S.C.
222 E. Erie Street, Suite 210
Milwaukee, WI 53202
Facsimile: (414) 271-8442
Email: smurshid@hq-law.com
ljohnson@hq-law.com
tmaynard@hq-law.com
Phone: (414) 271-8650

Attorneys for Plaintiff Anthony Johnson



IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| ANTHONY JOHNSON, individually and on behalf of all others similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> NEA DELIVERY, LLC, <br> Defendant. | No. CV-17-___-___-___ <br><br> **CV-17-00265-PHX-ESW** <br><br><br> COLLECTIVE ACTION COMPLAINT |

### Introduction

1. Plaintiff Anthony Johnson brings this collective action on behalf of himself and all other similarly situated employees of Defendant NEA Delivery, LLC for unpaid

overtime wages pursuant the Fair Labor Standards Act of 1938, as amended, ("FLSA"). Plaintiff Johnson and the putative collective action members worked as delivery drivers for Defendant NEA Delivery, LLC at times since January 20, 2014. Since that time, Defendant NEA Delivery, LLC has suffered or permitted Plaintiff Johnson and the putative collective class members to regularly work in excess of forty hours in many workweeks, including time spent performing tasks which were integral and indispensable to their duties as delivery drivers both before and after the start of their paid work each day without compensation. As a result, Defendant NEA Delivery, LLC has violated the overtime provisions of the FLSA as to Plaintiff Johnson and the collective class.

2. Plaintiff Johnson brings this action, individually and on behalf of all others similarly situated, as a collective action pursuant to 29 U.S.C. § 216(b) for the purpose of obtaining relief under the FLSA for unpaid overtime wages, liquidated damages, costs, attorneys' fees, and/or any such other relief the Court may deem appropriate.

## Jurisdiction and Venue

3. This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated here under 28 U.S.C. § 1331, this action being brought under the FLSA, 29 U.S.C. § 201, *et seq*.

4. Venue is proper pursuant to 28 U.S.C. § 1391(b) and (c) in the U.S. District Court for the District of Arizona because a substantial part of the events or omissions giving rise to the claim occurred within the district and Defendant NEA Delivery, LLC has substantial and systematic contacts in this District.

## Parties

5. Plaintiff Anthony Johnson is an adult resident of Arizona residing in Maricopa County. Plaintiff Johnson formerly worked for Defendant NEA Delivery, LLC as a delivery driver at times since January 2014. Plaintiff Johnson's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is attached as Exhibit A of this Complaint and is incorporated herein.

6. Plaintiff Johnson brings this action individually and on behalf of the FLSA Overtime Class pursuant to 29 U.S.C. § 216(b). The **FLSA Overtime Class** is defined as follows:

> All persons who are or have worked for Defendant NEA Delivery, LLC as a delivery driver at any time since January 20, 2014.

7. Defendant NEA Delivery, LLC ("NEA") is a foreign Limited Liability Company with its principal place of business in the State of Arizona located in Tempe. NEA's registered agent for service of process in the State of Arizona is M & K Registered Agent LLC located in Tempe, Arizona.

## General Allegations

8. NEA is a package delivery company that contracts to deliver packages on behalf of third parties – such as Amazon.com.

9. Since January 20, 2014, NEA has employed delivery drivers with the primary duty of delivering packages pursuant to their contracts with third parties.

10. Plaintiff Johnson worked for NEA as a delivery driver from approximately January through March 2016.

11. The FLSA Overtime Class's members have worked as delivery drivers for NEA at times since January 14, 2014.

12. Plaintiff Johnson was paid an hourly rate of approximately $8.05 per hour plus non-discretionary bonuses during his employment with NEA.

13. The FLSA Overtime Class's members were paid hourly rates of approximately $8.05 plus non-discretionary bonuses during their employments with NEA since January 20, 2014.

14. During the course of their respective employments with NEA since January 20, 2014, NEA has suffered or permitted Plaintiff Johnson and the FLSA Overtime Class's members to work in excess of forty hours in a given workweek performing their duties as delivery drivers.

15. During the course of their employments at NEA since January 20, 2014, NEA required Plaintiff Johnson and the FLSA Overtime Class's members to report to its location(s) each morning to pick up the vans in which they would deliver packages that day as well as to perform inspections on the vans.

16. After picking up their respective vans each morning, NEA required Plaintiff Johnson and the FLSA Overtime Class's members to then travel to a third-party shipping center.

17. Once at the third-party shipping center each morning, Plaintiff Johnson and the FLSA Overtime Class's members were required to perform the following tasks:

    a. Line up and park their vans in the shipping center's staging area;

    b. Receive and complete paperwork related to the packages they were delivering that day; and

    c. Scan and load the packages that were to go out for delivery on that day.

18. After completing their work at the third-party shipping center each morning, a dispatcher located at the third-party shipping center would punch Plaintiff Johnson and the FLSA Overtime Class's members into a time recording system to mark the start of the work day.

19. At times since January 20, 2014, NEA did not compensate Plaintiff Johnson and the FLSA Overtime Class's members for the time spent each morning between arriving at NEA's location to pick up a van and the time in which they were punched into the time recording system at the third-party shipping center.

20. At times since January 20, 2014, NEA did not track and/or record the time spent by Plaintiff Johnson and the FLSA Overtime Class's members between arriving at NEA's location to pick up a van and the time in which they were punched into the time recording system at the third-party shipping center.

21. After completing their work at the third-party shipping center each morning since January 20, 2014, Plaintiff Johnson and the FLSA Overtime Class's members left the shipping center to deliver the packages which had been loaded into their vans that morning.

22. After completing their deliveries each work day at times since January 20, 2014, Plaintiff Johnson and the FLSA Overtime Class's members returned to the third-party shipping center where they checked in undelivered packages with the dispatchers

located at the third-party shipping center and were punched out of the time recording system.

23. After being punched out of the time recording system at the end of the day at times since January 20, 2014, NEA required Plaintiff Johnson and the FLSA Overtime Class's members to return their vans to NEA's location(s).

24. At times since January 20, 2014, NEA did not compensate Plaintiff Johnson and the FLSA Overtime Class's members between the times that they were punched out of the time recording system and that they returned their vans to NEA's location each day.

25. At times since January 20, 2014, NEA did not track and/or record the time spent by Plaintiff Johnson and the FLSA Overtime Class's members between the times that they were punched out of the time recording system and that they returned their vans to NEA's location each day.

26. On information and belief, NEA has had an annual dollar volume of sales or business done of at least $500,000.00 in each year since 2014.

27. As a result of the foregoing conduct, NEA failed to compensate Plaintiff Johnson and the putative collective class members at a rate of one and one-half times their regular rates for all hours worked in excess of forty in various workweeks since January 20, 2014.

28. NEA's conduct as described herein was willful and in bad faith and has caused significant injuries to Plaintiff Johnson and the putative collective class –

including the loss of overtime wages to which Plaintiff Johnson and the putative collective class are entitled under the FLSA.

## Collective Action Allegations

29. Plaintiff Johnson and the FLSA Overtime Class's members are and have been similarly situated, have and have had substantially similar pay provisions, and are and have been subject to NEA's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff Johnson as stated herein are the same as those of the FLSA Overtime Class's members.

30. Plaintiff Johnson and the FLSA Overtime Class seek relief on a collective basis challenging, among other FLSA violations, NEA's practice of failing to accurately record all hours worked and failing to pay employees for all hours worked, including overtime compensation.

31. The FLSA Overtime Class's members are readily ascertainable. For purpose of notice and other reasons related to this action, their names, phone numbers, and addresses are readily available from NEA. Notice can be provided to the FLSA Overtime Class's members via first class mail to the last address known to NEA and through posting at NEA's facility in areas where postings are normally made.

## First Claim for Relief:
### Unpaid Overtime Wages under the FLSA

32. Plaintiff Johnson, individually and on behalf of the FLSA Overtime Class, reasserts and incorporates by reference all preceding paragraphs as if restated herein.

33. Since January 20, 2014, Plaintiff Johnson and the FLSA Overtime Class have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. §201 *et. seq.* at all time while working for NEA.

34. Since January 20, 2014, NEA has been and continues to be an enterprise engaged in commerce within the meaning of 29 U.S.C. §203(s)(1).

35. At all times while working for NEA since January 20, 2014, Plaintiff Johnson and the FLSA Overtime Class's members have been employees within the meaning of 29 U.S.C. § 203(e).

36. Since January 20, 2014, NEA has been an employer of Plaintiff Johnson and the FLSA Overtime Class's members as provided under 29 U.S.C. § 203(d).

37. Since January 20, 2014, NEA has violated the FLSA by failing to pay overtime compensation due to Plaintiff Johnson and the FLSA Overtime Class for each hour worked in excess of forty hours in any given workweek.

38. Plaintiff Johnson and the FLSA Overtime Class are entitled to damages equal to mandated overtime premium pay for all hours worked in excess of forty in a given workweek within the three years prior to the filing of this Complaint, plus periods of equitable tolling because NEA acted willfully and knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.

39. NEA's failure to properly compensate Plaintiff Johnson and the FLSA Overtime Class and failure to properly record all compensable work time was in bad faith and Plaintiff Johnson and the FLSA Overtime Class are therefore entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime

premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b).

40. Alternatively, should the Court find that NEA did not act in bad faith in failing to pay minimum and overtime premium wages, Plaintiff Johnson and the FLSA Overtime Class's members are entitled to an award of pre-judgment interest at the applicable legal rate.

41. Pursuant to FLSA, 29 U.S.C. §216(b), Plaintiff Johnson and the FLSA Overtime Class's members are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid minimum wages and overtime wages.

## **Request for Relief**

WHEREFORE, Plaintiff Johnson, individually and on behalf of all members of the FLSA Overtime Class, hereby requests the following relief:

a) At the earliest time possible, an Order designating this action as a collective action on behalf of the FLSA Overtime Class and allowing issuance of notices pursuant to 29 U.S.C. §216(b) to all similarly-situated individuals;

b) At the earliest time possible, an Order appointing Hawks Quindel, S.C. as class counsel for the FLSA Overtime Class;

c) An Order designating Plaintiff Johnson as the Named Plaintiff and as representative of the FLSA overtime Class set forth herein;

d) Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

e) An Order finding that NEA violated the FLSA's overtime provisions as to Plaintiff Johnson and the FLSA Overtime Class;

f) An Order finding that these violations were willful;

g) Judgement against NEA in the amount equal to the Plaintiff Johnson and the FLSA Overtime Class members' unpaid overtime wages;

h) An award in the amount of all liquidated damages as provided under the FLSA;

i) An award in the amount of all costs and attorneys' fees incurred prosecuting these claims as well as pre-judgment and post-judgement interest; and

j) Such further relief as the Court deems just and equitable.

Dated this 24th day of January, 2017.

*s/ Summer H. Murshid*
Summer H. Murshid
Larry A. Johnson
Timothy P. Maynard

Attorneys for Plaintiff Johnson

DocuSign Envelope ID: F7F90475-9FAC-40C4-AB70-C550B6D680B9

## PLAINTIFF CONSENT FORM

I hereby consent to make a claim against NEA Delivery, LLC for unpaid minimum, overtime, and/or agreed upon wages. During the past three years, I was employed by NEA Delivery, LLC. There were weeks in which I did not receive minimum wage, overtime, and/or agreed upon wages.

┌─DocuSigned by:
│ *Anthony Johnson* 1/23/2017
└─5F65CEDFD898481...
                                       Signature and Date

Anthony Johnson

                                                          Print Name

Fax, Mail or Email to:
Hawks Quindel, S.C.
Attn: Summer H. Murshid
PO Box 442
Milwaukee, Wisconsin 53201
Fax: (414) 271-8442
Telephone: (414) 271-8650
Email: smurshid@hq-law.com
www.hq-law.com