Dinita L. James SBN 025253
**GONZALEZ LAW, LLC**
60 E. Rio Salado Parkway, Suite 900
Tempe, AZ 85281
Telephone:   480-565-6400
Facsimile:   480-565-6401
E-mail:        dinita.james@gnzlaw.com

Attorneys for Defendant
NEA Delivery, LLC

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Johnson, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>NEA Delivery, LLC,<br><br>Defendant. | Case No.:   2:17-cv-00265-JJT<br><br>**JOINT MOTION FOR PRELIMINARY APPROVAL OF COLLECTIVE ACTION CLASS SETTLEMENT AND SUPPORTING MEMORANDUM** |

Plaintiff Anthony Johnson, individually and on behalf of the Opt-In Plaintiffs and the putative collective action class members, by and through his attorneys, Hawks Quindel, S.C., by Larry Johnson, Summer H. Murshid, and Timothy P. Maynard, and Defendant NEA Delivery, LLC ("Defendant"), by and through its attorneys Gonzalez Law, LLC, by Dinita L. James, submit this Joint Motion for Preliminary Approval of Collective Action Class Settlement. Plaintiff and Defendant (the "Parties") reached a settlement in this case on July 21, 2017. In connection with this settlement, the Parties respectfully move the Court for an order:

1.     Preliminarily approving the Settlement Agreement, attached as Exhibit 1 to this Motion, as within the range of possible final approval;

2. Certifying a Collective Action Class for settlement purposes only pursuant to 29 U.S.C. § 216(b), as stipulated by the Parties, defined as all NEA Delivery drivers working in home department PXI and classified in Defendant's records as 10hr RTS drivers between February 3, 2016 and July 2, 2016;

3. Appointing Anthony Johnson as Class Representative;

4. Appointing Hawks Quindel, S.C. as Class Counsel;

5. Approving the Notice of Collective Action Class Settlement and the Consent to Join form attached as Exhibits A and B to the Settlement Agreement for distribution to all members of the Collective Action Class as constituting valid, due, and sufficient notice to the Collective Action Class members;

6. Directing Class Counsel to distribute by U.S. Mail and email the Notice of Collective Action Class Settlement to the members of the Collective Action Class within five (5) days of the Court's order;

7. Setting a deadline of thirty (30) days after distribution of the Notice of Collective Action Class Settlement for members of the Collective Action Class to file Consent to Join forms to opt into the settlement (the "Opt-In Period");

8. Setting a deadline of twenty-one (21) days after the close of the Opt-In Period for Class Counsel to file a motion for approval of attorneys' fees and costs; and

9. Setting a deadline of thirty (30) days after the close of the Opt-In Period for the Parties to file a motion for final approval of the settlement.

**MEMORANDUM IN SUPPORT**

Because the Parties reached a settlement at a very early stage and because in their Settlement Agreement, attached hereto as Exhibit 1, they agreed that the settlement should be on a collective action basis, the Parties are seeking two forms of relief from the Court in this Motion. First, the Parties stipulate to and seek certification for settlement purposes only of a specifically defined collective action class under the Fair Labor Standards Act's ("FLSA") own claim aggregation provision, 29 U.S.C. §216(b). Second, the Parties seek the Court's preliminary approval of their Settlement Agreement as within the range of possible

approval and having no obvious deficiencies, such that notice to the putative collective action class members is warranted to advise them of the settlement and afford them the opportunity to opt in to participate in the settlement.

The Settlement Agreement includes agreed exhibits proposing a form of court-authorized notice (Exhibit A to Settlement Agreement) to putative collective action class members, a proposed Consent to Join form (Exhibit B to Settlement Agreement) for their use in opting into the action, and a proposed Release of Wage and Hour Claims form (Exhibit C to Settlement Agreement) for execution by those who opt in.  Incident to the relief sought by this Motion, the Parties ask the Court to approve the use of these forms within the timeline they have proposed.  The Parties' proposed timeline addresses the sending of notice, an opportunity to opt in, briefing on whether the Court should grant final approval of the Settlement Agreement and award the negotiated amount of attorney fees and costs to proposed Class Counsel, and, if the Court does grant final approval, payments by Defendant. According to the Parties' Settlement Agreement, upon final approval the Court should enter judgment dismissing the action with prejudice, reserving jurisdiction solely to enforce the Settlement Agreement.

## I.   APPLICABLE LEGAL STANDARDS

The Ninth Circuit has declared a "strong judicial policy" in favor of settling of class actions. *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1276 (9th Cir. 1992).  This principle, while stated by the Ninth Circuit with respect to class actions certified under Federal Rule of Civil Procedure 23, extends to FLSA collective actions.  *E.g., Norton v. Maximus,* No. 1:14-cv-00030-WBS, 2017 U.S. Dist. LEXIS 61350 (D. Idaho Apr. 17, 2017) (final approval order, "*Maximus II*"); *see also id.*, Order at 4-5 (Doc. 211) (D. Idaho Feb. 22, 2017) (preliminary approval order, "*Maximus I*"; copy attached hereto as Exhibit 2).

It is often the case that a court presented with an FLSA settlement agreement for its approval already has considered whether to certify a collective action class, at least conditionally.  *E.g., Armes v. Hot Pizzas, LLC,* No. 2:16-cv-01152- PHX-JJT, 2017 U.S. Dist. LEXIS 89920 (D. Ariz. June 9, 2017) (class conditionally certified pursuant to

stipulation of parties several months prior to settlement).  When that is the case, "settlements of FLSA collective actions may be approved in a one-step process." *Id.*, 2017 U.S. Dist. LEXIS 89920, at *4 n.1.  "Where the 'parties reach a settlement agreement prior to class certification,' however, 'courts must peruse the proposed compromise to ratify both [1] the propriety of the certification and [2] the fairness of the settlement.'" *Maximus II*, 2017 U.S. Dist. LEXIS 61350, at *4 (quoting *Staton v. Boeing Co.*, 327 F.3d 938, 952 (9th Cir. 2003)); *Maximus I*, Order at 4 (citing several opinions from district courts in the Ninth Circuit for the proposition that *Staton*'s two requirements routinely are applied in the context of motions to approve FLSA collective action settlements).  "Each requirement generally proceeds in a two-stage process: preliminary approval, followed by final approval." *Maximus II,* 2017 U.S. Dist. LEXIS 61350, at *4; *see also Hernandez v. Earth Care, Inc.*, Civ. No. 15-5091, 2016 U.S. Dist. LEXIS 50092 (E.D. Pa. Apr. 13, 2016) (finding motion to approve FLSA collective action settlement filed prior to any certification proceedings as premature, construing it as one for conditional certification, approval of notice and preliminary approval of settlement).

**A.   Certification of Collective Action Class**

Under the FLSA, employees may bring suits for wage and hour violations on their own behalf and on behalf of "other employees similarly situated." 29 U.S.C. § 216(b).  The term "similarly situated" is not defined in the statute.  The United States Supreme Court "has indicated that a proper collective action encourages judicial efficiency by addressing in a single proceeding claims of multiple plaintiffs who share 'common issues of law and fact arising from the same alleged [prohibited] activity.'" *Maximus I*, Order at 5 (quoting *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989); other citation omitted).

The two-stage approach to FLSA collective action certification used by district courts in the Ninth Circuit proceeds as follows in a litigated case:

> At the first step, the plaintiff need only demonstrate the existence of a company-wide policy or procedure that arguably affects a group of similarly situated employees.  If conditional certification is granted, the plaintiff is then entitled to provide notice of the action, in a form approved by the Court, to potential collective action class members.  Unlike unnamed class members in

> Rule 23 class actions, potential collective action class members who wish to participate in the suit must affirmatively "opt-in" to the action by filing a notice of consent to participate. At the second step, formal certification, the Court will look more closely at whether a collective action is the most appropriate method to proceed with the case.

*Armes*, 2017 U.S. Dist. LEXIS 89920, at *2 (citing *Kesley v. Ent. U.S.A. Inc.,* 67 F. Supp. 3d 1061, 1065 (D. Ariz. 2014); *O'Neal v. Am.'s Best Tire LLC*, 2:16-cv-00056-PHX-DGC, 2016 U.S. Dist. LEXIS 72064, at *4 (D. Ariz. June 2, 2016)).

When presented with a motion for approval of a settlement before the court has addressed the conditional certification issue, however, the two steps can be condensed into one, and the second, closer look is not required. *Cf. Gamble v. Boyd Gaming Corp.,* 2:13-cv-01009-JCM-PAL, 2017 U.S. Dist. LEXIS 25497, at *11 (D. Nev. Feb. 23, 2017) (concluding that no final certification decision is necessary to preliminarily approve proposed FLSA settlementwhen court had granted contested motion for conditional certification). The *Gamble* court agreed with the assertion that the "question of whether opt-in plaintiffs may collectively settle their claims is markedly different than the question of whether a collective action may precede to trial on a representative basis." *Id.* The *Gamble* court also distinguished cases that were hybrid actions, with opt-in FLSA collective action claims and state-law class action claims that were binding on all class members who did not affirmatively opt out. "Where, as here, Plaintiffs are not settling Rule 23 class action claims and Defendant has not moved to decertify the FLSA collectives, additional scrutiny of the Collectives will serve no practical purpose." *Id.*, 2017 U.S. Dist. LEXIS 25497, at *13; *see also Armes*, 2017 U.S. Dist. LEXIS 89920, at *2-4 & n.1 (declining to revisit certification decision when conditional certification was granted per stipulation and case was later settled). From these authorities, it is clear that when a court has not yet reached even the conditional certification issue, it should accept a stipulation for certification as sufficient under 29 U.S.C. § 216(b) when proposed for settlement purposes only and when the stipulation clearly identifies members of a proposed collective action class that (1) includes the plaintiff and (2) encompasses those who appear to be similarly situated to the plaintiff

– 5 –

with respect to the allegations of FLSA violation in the complaint. In such a case, the stipulation in and of itself meets the standard for collective action certification.

### B.   Preliminary Approval of FLSA Collective Action Settlement

Most district courts in the Ninth Circuit evaluate a proposed FLSA collective action settlement under a standard established by the Eleventh Circuit in *Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-53, 1355 (11th Cir. 1982), which requires the settlement to constitute "a fair and reasonable resolution of a bona fide dispute over FLSA provisions." This Court cited to *Lynn's Food* in its Order (Doc. 24) entered upon the Parties' filing of a Notice of Settlement (Doc. 23), directing the filing of a joint motion for approval of their Settlement Agreement.

The fairness determination required by the FLSA and *Lynn's Food* is distinct and specific to FLSA collective actions.

> The Court's single obligation—to ensure that the settlement is "fair"—can be contrasted with the Court's obligation to oversee traditional class settlements under Rule 23, which requires, among other things, a hearing on the fairness, reasonableness, and adequacy of the settlement, and an opportunity for class members to object to the settlement. These obligations, which are outlined in Federal Rule 23(e), do not apply to settlements of FLSA collective actions.

*Armes*, 2017 U.S. Dist. LEXIS 89920, at *4, n.1. Courts consider multiple factors in making the fairness analysis for a collective action settlement, including:

> (1) the stage of the litigation and the amount of discovery exchanged, (2) the experience of counsel, (3) the probability of the plaintiffs' success on the merits, (4) any overreaching by the employer in the settlement negotiations, and (5) whether the settlement is the product of arm's length negotiations between represented parties based on the merits of the case.

*Id.* at *6-7 (citing *Selk v. Pioneers Mem. Healthcare Dist.*, 159 F. Supp. 3d 1164, 1173 (S.D. Cal. 2016) (collecting cases); *Fontes v. Drywood Plus, Inc.*, 2:13-cv-1901-PHX-LOA, 2013 U.S. Dist. LEXIS 169720, at *6 (D. Ariz. Dec. 2, 2013)).

The in-depth analysis of multiple relevant factors bearing on the fairness of a proposed settlement comes at the final approval stage. At the preliminary approval stage, however, the determination is only "whether a proposed settlement is within the range of

possible approval and whether or not notice should be sent to class members." *Maximus I*, Order at 7 (internal citation and quotation omitted).  The purpose of having a preliminary approval stage is to "ensure that there are no obvious deficiencies in the settlement that would preclude final approval." *Hernandez*, 2016 U.S. Dist. LEXIS 50092, at *6 (citations omitted).  The factors governing final approval inform the preliminary assessment of the fairness of the proposed settlement and should be used to identify potential issues that could be an impediment to final approval.  *Id.*

**II.    CERTIFICATION OF A COLLECTIVE ACTION CLASS AND PRELIMINARY APPROVAL OF THE SETTLEMENT IS WARRANTED IN THIS CASE UNDER APPLICABLE STANDARDS.**

In their Settlement Agreement, the Parties have stipulated that, for settlement purposes only, Plaintiff Anthony Johnson ("Named Plaintiff) is similarly situated to the three individuals who opted in (Doc. 4) at the commencement of the action ("Opt-In Plaintiffs") and to those in the proposed collective action class, such that a collective action class should be certified for purposes of 29 U.S.C. § 216(b).  In the event the Court rejects the Settlement Agreement and declines to grant preliminary or final approval, the Parties agree that the Settlement Agreement shall be null and void, including the stipulation that the Opt-In Plaintiffs and the members of the proposed collective action class are similarly situated to the Named Plaintiff within the meaning of 29 U.S.C. § 216(b).

The Parties have stipulated to a proposed class definition, as follows:  All NEA Delivery drivers working in home department PXI and classified in Defendant's records as 10hr RTS drivers between February 3, 2016 and July 2, 2016 (the "Collective Action Class").  The Parties together have identified from Defendant's records 109 individuals, including the Named Plaintiff and the Opt-In Plaintiffs, who fall within the class definition.  The Parties' stipulation to a proposed Collective Action Class that is narrowly and specifically defined  and that includes the Named Plaintiff and the Opt-In Plaintiffs is more than adequate to support certification pursuant to 29 U.S.C. § 216(b) for settlement purposes.

1     By its own terms, the Settlement Agreement contains strong indicia that it will meet the standard for final approval.  The Parties represent in the Settlement Agreement that it is a reasonable compromise of disputed claims and issues, arising from a bona fide dispute over FLSA liability.  The Settlement Agreement offers significant monetary relief to the Collective Action Class members, in gross amounts before payroll taxes and other required withholdings ranging from $25.47 to $2,002.67.  (*See* Exhibit D to Settlement Agreement.)  The Settlement Agreement explains the formula used by the Parties to calculate the gross monetary payments to be offered to each Collective Action Class member, and the formula is based on the number of days worked and overtime premiums already paid to each of them.  The Parties propose to put the exact gross amount of the settlement payment offered to each Collective Action Class member in that individual's notice form.  The releases to be executed by Collective Action Class members who opt in to accept the settlement payments are appropriately limited to only wage and hour claims.  The Settlement Agreement sets forth a proposed form of notice, and the Parties have worked out numerous challenging issues, including a proposed timeline for notice, opting in, and payment, and have accounted for tax withholding and reporting.  *See Martinez*, 2016 U.S. Dist. LEXIS 50092, at *7; c*f. In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, No. CV-09-1409-PHX-DGC, 2009 WL 3253947 (D. Ariz. Oct. 8, 2009) (granting final approval based on review of settlement agreement, finding it "reflects a fair and reasonable resolution of issues").

     The Parties assert that preliminary approval of their proposed Settlement Agreement is warranted under the applicable legal standards.  The Court should certify the Collective Action Class to which the Parties have stipulated, grant preliminary approval of the settlement, authorize notice, and grant the other relief specified in detail above.

     WHEREFORE, the Parties respectfully request that the Court grant the relief sought by this Joint Motion by entering the proposed form of order submitted herewith.

**[Signatures appear on the next page]**

RESPECTFULLY SUBMITTED this 25th day of August, 2017.

HAWLS QUINDEL, SC

By  *s/Summer H. Murshid (with permission)*
    Summer H. Murshid
    *Attorneys for Plaintiff Anthony Johnson*

GONZALEZ LAW, LLC

By  *s/Dinita L. James*
    Dinita L. James
    *Attorneys for Defendant NEA Delivery, LLC*

**CERTIFICATE OF SERVICE**

I hereby certify that on August 25, 2017, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of Notice of Electronic Filing to the following CM/ECF registrants:

Summer H. Murshid
Larry A. Johnson
Timothy P. Maynard

**HAWKS QUINDEL, S.C.**
222 E. Erie St., Ste. 210
Milwaukee, WI 53202

*Attorneys for Plaintiff*

          *s/Dinita L. James*
            Dinita L. James