NOT FOR PUBLICATION

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Anthony Johnson, | No. CV-17-00265-PHX-JJT |
| Plaintiff, | **ORDER** |
| v. | |
| NEA Delivery LLC, | |
| Defendant. | |

At issue is the Parties' Joint Motion for Final Approval of Collective Action Settlement (Doc. 57).

1. The Parties' Settlement Agreement resolves bona fide disputes regarding whether Plaintiff and similarly situated delivery drivers worked overtime hours for which they have not been compensated during NEA Delivery's first five months of operation in Arizona. The facts regarding NEA Delivery's timekeeping practices are in dispute, and also in dispute is the amount of time that even potentially was not captured for compensation by those timekeeping practices, with NEA Delivery asserting that the range was zero to 45 minutes and Plaintiff asserting the range was 45 minutes to an hour and a half. NEA Delivery has also asserted the defense that any uncompensated overtime was de minimis. (Doc. 14, p. 8.) Accordingly, the Parties negotiated a good-faith compromise of the potential value of the claims in resolving this matter, agreeing for settlement purposes to a settlement model that allocates to class members one additional hour of overtime per day worked in workweeks with overtime. There is no question in this case that a bona fide dispute exists, satisfying the first requirement for the Court to approve a

Fair Labor Standards Act ("FLSA") settlement. *See Lynn's Food Stores, Inc. v. United States,* 679 F.2d 1350, 1352-55 (11th Cir. 1982) ("If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages, that are actually in dispute; we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.");

2. Both Parties were represented by Counsel experienced in litigating disputes arising out of the FLSA;

3. While resolved early in litigation, the Parties engaged in the exchange and analysis of substantial payroll documents for Plaintiff Johnson and the collective action members that allowed them to determine the potential value of the claims and the risks of continued litigation;

4. Plaintiffs faced numerous obstacles in continued litigation – including continued discovery regarding disputes over the amount of uncompensated time and whether the time at issue was actually compensable under the FLSA, which could have resulted in a lesser recovery than obtained via the Parties' settlement – that weigh in favor of final approval of the settlement agreement;

5. The settlement does not reflect overreaching by the Defendant; especially, when considering that (a) through the notice process, 109 collective action class members had an opportunity to say for themselves whether they believed the settlement was fair, after being informed of the specific dollar amount he or she would receive upon opting in, and 67 of them, including Plaintiff, decided to accept the settlement, an opt-in rate of 61 percent; and (b) the collective action members who have consented to join in this settlement have only released wage and hour claims and have been encouraged to consult with Plaintiffs' Counsel regarding the scope of the release; and

6. The Settlement reflects arms-length negotiations by Counsel for the Parties which was adequately informed by the available payroll data as well as the consideration of risks and disputes involved in continued litigation;

7. Upon consideration of all of these factors, the Court finds that the Parties' settlement is the fair and reasonable result of good-faith, arms-length negotiations by experienced counsel and does not raise any concerns weighing against final approval;

8. Named Plaintiff Anthony Johnson's service award of $1,000.00 is reasonable in light of the risks assumed and effort given by Mr. Johnson in bringing this action on behalf of the collective action members and the recovery obtained as a result of Mr. Johnson's efforts on behalf of the collective action members;

Accordingly, IT IS HEREBY ORDERED that:

1. Final approval of the Parties' Settlement Agreement (Doc. 57) is granted as a fair and reasonable resolution of bona fide disputes under the Fair Labor Standards Act;

2. The individual releases of Plaintiff and the 66 other plaintiffs who have filed Consents to Join the action and participate in the settlement (Docs. 29-51), in the form attached to the Settlement Agreement as Exhibit C (Doc. 27-4), are approved;

3. The service award of $1,000.00 to Named Plaintiff Anthony Johnson is approved; and

4. The clerk is directed to enter judgment dismissing the action with prejudice.

Dated this 15th day of November, 2017.

Honorable John J. Tuchi
United States District Judge